UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TASHA HALL,                           )
       Plaintiff                )
                                      )
                                      )
      v.                              )    Civil Action No. 13-30163-KPN
                                      )
                                      )
SPRINGFIELD HOUSING AUTHORITY,)
et al.,                               )
       Defendants               )

REPORT AND RECOMMENDATION FOR SUMMARY
DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)(2)
October 3, 2013

NEIMAN, M.J.

Tasha Hall ("Plaintiff"), proceeding *pro se*, has submitted for filing a complaint against the Springfield Housing Authority and, apparently, the Springfield Public Schools and Massachusetts Department of Social Services ("Defendants"). Together with her complaint, Plaintiff has filed an application for leave to proceed *in forma pauperis*.

The court has determined that Plaintiff is unable to pay the costs of commencing the action. Accordingly, leave to proceed *in forma pauperis* has been granted pursuant to subsection (a) of the federal *in forma pauperis* statute, 28 U.S.C. § 1915. However, summonses have not issued in order to allow the court to review Plaintiff's complaint to determine whether it satisfies the requirements of subsection (e)(2) of that statute. For the reasons stated below, the court concludes that it does not. Accordingly, the court will recommend to the district judge to whom this case will be reassigned that the

complaint be summarily dismissed.

The *in forma pauperis* statute requires the court to dismiss an action brought thereunder if the court determines that the action is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(I) and (ii). *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that a claim "is frivolous where it lacks an arguable basis either in law or in fact"). This is just such a case.

Plaintiff's complaint, filed on September 27, 2013, consists of apparently three separate "disputes" she has with Defendants, one concerning the schooling of her son, another concerning maintenance of her apartment, and yet another concerning the Department of Social Services. As for the schooling issue, Plaintiff claims "educational neglect" and talks about the school curriculum, the lack of information regarding special education on the school system's website, and the superintendent's claims that the system creates an environment "where success is the standard for each child"; Plaintiff seeks $10 million for each year her child was enrolled in the Springfield schools. As for her claims against the Springfield Housing Authority, Plaintiff claims that she has not been provided heat and that she has received an eviction notice; she "want[s] her money back" and $1 million for being slandered. Plaintiff may also be pursuing claims against the State's Department of Social Services related to proceedings initiated against her related to the education of her child.

None of these allegations presents any federal claim. First, the complaint invokes no particular jurisdictional basis for this court's jurisdiction; in this vein, diversity jurisdiction does not lie (since all parties are from Massachusetts). Second, no specific causes of federal action are alleged against the various defendants. In short, the court

2

is confident that Plaintiff's complaint fails to state claims upon which relief may be granted in this forum.

It is well-established that "[w]here the court has no subject matter jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I)." *Mobley v. Ryan*, 2000 WL 1898856, at *1 (N.D. Ill. Dec. 29, 2000) (citing *Jones v. Morris*, 777 F.2d 1277, 1279 (7th Cir. 1985)). *See Maldonado v. Maldonado*, 1997 WL 786585 (E.D. Pa. Dec. 11, 1997) (similar). The Supreme Court has also held that courts may dismiss *in forma pauperis* complaints *sua sponte* without notice if the claim is based on an "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Forte v. Sullivan*, 935 F.2d 1, 3 (1st Cir. 1991) (quoting *Neitzke,* 490 U.S. at 327). See also *Street v. Fair*, 918 F.2d 269, 272 (1st Cir. 1990).

Of course, since Plaintiff is a *pro se* litigant, her pleadings must be construed liberally. See *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto De Educacion Universal Corp. v. United States Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000). But try as it might, the court recognizes no federal claim in Plaintiff's pleadings, despite the fact that her civil cover sheet claims a "federal question."

Granted, it is possible, although certainly not obvious, that Plaintiff may be trying to allege a federal question-based cause of action, perhaps a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. However, even assuming that

3

Plaintiff is attempting to invoke such jurisdiction, her complaint is impermissibly deficient. As the Supreme Court has directed, only a complaint that "state[s] a claim to relief that is plausible on its face" will survive dismissal screening, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and that "[a] claim has facial plausibility [only] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Here, no factual content whatsoever is alleged which might raise a reasonable inference that the various Defendants may be liable for any federal question-based cause of action. *See Vazquez-Hernandez v. Estrada-Adorno*, 2009 WL 1586813, at *1 (D.P.R. June 3, 2009) ("Because Plaintiff has not stated any facts supporting his allegation of . . . discrimination, he has failed to comply with the pleading requirements of [Fed. R. Civ. P.] 8.") (citing *Iqbal*, 129 S. Ct. at 1949).

Even under a generous reading, the instant action, in this court's opinion, is frivolous in this forum and fails to state claims upon which relief may be granted. Accordingly, the court recommends that it be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2).[1]

---

[1] Plaintiff is advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of her receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. Plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474

DATED: October 3, 2013

                                            /s/ Kenneth P. Neiman
                                            KENNETH P. NEIMAN
                                            U.S. Magistrate Judge

---

U.S. 140, 154-55 (1985).

<s>5</s>